958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franzuha SIERRA-BYRD, Defendant-Appellant.
 No. 91-10022.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franzuha Sierra-Byrd appeals his conviction and sentence under the Sentencing Guidelines, following a jury trial, for possession with intent to distribute 102 pounds of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Sierra-Byrd contends that the district court erred by: (1) denying his motion to suppress the marijuana because the officer who stopped his vehicle lacked a founded suspicion of criminal conduct; and (2) adjusting upward his Guidelines base offense level based upon a finding that Sierra-Byrd obstructed justice. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.
 
 
 3
 We review the existence of founded suspicion de novo. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989); United States v. Thomas, 844 F.2d 678, 680 (9th Cir.1988).
 
 
 4
 The fourth amendment forbids stopping a vehicle, even for the limited purpose of questioning its occupants, unless there is founded suspicion of criminal conduct. United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). Founded suspicion must exist at the time the officer stops the vehicle. Id. Founded suspicion exists if, under the totality of the circumstances, "an officer is aware of specific articulable facts, that, together with rational inferences drawn from them, reasonably warrant a suspicion that the person to be detained has committed or is about to commit a crime." Id. (citing United States v. Cortez, 449 U.S. 411, 416-18 (1981)). "The facts are to be interpreted in light of a trained officer's experience." United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989); Nicacio v. United States INS, 797 F.2d 700, 705 (9th Cir.1985). Erratic driving is a factor that can be used by officers in determining whether to stop a vehicle. United States v. Robert L., 874 F.2d 701, 703 (9th Cir.1989).
 
 
 5
 Here, the border patrol agents considered the following factors before stopping Sierra-Byrd's vehicle: (1) a newer model Chevrolet Corsica driven by a lone Hispanic male drove past two marked border patrol vehicles parked on the median strip of Interstate 10 near Tucson, Arizona at about 8:00 p.m.; (2) the driver stared straight ahead, and did not acknowledge the presence of the border patrol vehicles; (3) a registration check revealed that the vehicle was registered to a woman from Douglas, Arizona; and (4) when one of the border patrol vehicles pulled along side of Sierra-Byrd's vehicle, it abruptly slowed from about sixty miles per hour to about forty miles per hour. In the agents' experience, most drivers would acknowledge their presence, the majority of drug smugglers drive new vehicles, and Corsicas are usually driven by older drivers. Even viewed in their totality and in light of the agents' experience, these factors are insufficient to create a founded suspicion of criminal conduct. See Salinas, 940 F.2d at 394-95 (no founded suspicion where older model vehicle with large trunk appeared loaded down in rear and driver appeared to be of Spanish or Mexican origin); Hernandez-Alvarado, 891 F.2d at 1418-19 (nervous demeanor of driver, reduction in speed of vehicle, presence of two-way antenna on trunk, driver's residence in neighborhood under investigation for drug activity, and large size of vehicle trunk were together insufficient to establish founded suspicion); Robert L., 874 F.2d at 704 (vehicle leaving accident scene at quicker pace than other traffic and swerving from one lane to another to blend into traffic was insufficiently erratic to justify stop). Accordingly, we find that the district court erred by denying Sierra-Byrd's motion to suppress.
 
 
 6
 The conviction is reversed and the case remanded to the district court for proceedings consistent with this disposition. Additionally, because we find that the motion to suppress was erroneously denied, we need not address Sierra-Byrd's challenge to his sentence.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3